Our third case for this morning is Kimberly Moreland v. Jeh Johnson, Secretary of Homeland Security. Mr. Friedman? Yes, good morning. I am Dennis Friedman for the appellant in this matter. The key issue in this case is whether the appellant, Ms. Moreland, exhausted her administrative remedies before filing a lawsuit in federal district court. The record shows that Ms. Moreland raised a discrimination allegation before an administrative judge at the conclusion of an administrative hearing where she was representing herself, pro se, and that the administrative judge instructed her to file a separate or go through the discrimination process. I'm surprised the government fought this case. What would her travel expenses have been? I am not prepared to go forward with that. Why not? I'm not prepared to go forward with that. I didn't believe that that was an issue in this case. Well, I don't understand that. I'm sorry. So, she lives in Beaumont, Texas? Yes. She traveled from Beaumont, Texas. I was not involved in this case. I'm just, look, as a taxpayer, I'd like some assurance that this governmental defense is rational. Now, of course, she is asking for $75,000. That's substantial. I don't think she's entitled to that. But travel expenses looks like something she's entitled to. And how much are we talking about? Are we talking about enough to warrant the government? He's not representing them, after all. Pardon? We have yet to hear from the government, so maybe we'll... Oh, I'm sorry. You're her lawyer. Yes. Okay. I'm sorry. I'm mixed up. But can you tell me what the travel expenses would have been? She probably would have had to go from Beaumont to Houston, fly from Houston to Milwaukee for the hearing, and get a hotel for a few days. She may have driven there also. I got involved in the case after the claim had been dismissed by the EEOC. So, I understand your issue is just, here's this administrative judge telling her when she raises it, when she finds out at the hearing that the two other witnesses have been paid their expenses, she says, hey, what about me? And they say, no, we're not going to give you your pay. And she says that's both discrimination and retaliation. The judge tells her, file a new complaint, and then they turn around and say, oh, oops, you shouldn't have filed a new complaint. This was something that belonged inside the confines of the first thing. I would characterize the case a bit differently. Ms. Moreland, first of all, is a woman who prevailed in her underlying case. The agency refused to pay her travel expenses in the expectation that she would not expend the money in order to represent herself at a hearing, which was located a thousand miles or so from her house. And that is the gist of the case, that the government engaged in retaliation, hoping that Ms. Moreland would just give up. It's probably actually more like 1,400 miles away, I'd say, is the Texan, but it's a way. Did she have a lawyer at this stage? No, she did not have a lawyer. So when the Administrative Law Judge told her to file a separate proceeding, she wasn't advised by a lawyer? No, but even if she had, there were a number of collateral issues. First off, she didn't have the power to compel an Administrative Judge to amend her complaint. She could only request that the Administrative Judge entertain a motion to have her... But see, she didn't even do that, because she didn't have a lawyer. She wasn't familiar with what her rights were, right? Well, yes, that is true, but there is the... I mean, that's what I'm saying is helpful to you. Yes, I totally agree. And all you're saying is even if she had been, there wasn't, at the next layer, she couldn't compel to amend it. The next layer is that this was not a spinoff complaint. A spinoff complaint is one where an individual is dissatisfied with the processing. Bear in mind that under the federal statutory scheme, an individual must seek counseling on a claim within 45 days of the event. After that, there is a formal complaint process. There's a 180-day investigative process. After that, an individual has a right to request an administrative hearing. So it's a drawn-out process. She was not complaining about the processing of her complaint. And under the law, she was not complaining about the processing. It is not raised at the administrative judge level. It must go to the agency official who is responsible for the processing of the complaint. So my backup argument was that there was no spinoff complaint, and the entire argument of the government was that this matter was driven by the fact that it was a spinoff complaint and that she had to raise it before an administrative judge. It would be like her in federal district court demanding an administrative judge to amend a complaint. She does not have the authority to do that. She didn't have the authority to demand of the administrative judge that the administrative judge amend the complaint. Moreover, the complaint was totally different from her underlying case. Her underlying case dealt with events two years earlier, dealing with a deployment where she was released from deployment based on allegations of race and gender. This had no relationship whatsoever to the underlying case. And if the administrative judge decided to amend the complaint, he would have to forestall deciding the case until the entire investigative process had been completed, which would have delayed matters an extra 180 days or perhaps more. So our basic argument is that she exhausted her administrative remedies on the day that the administrative judge informed her that she had to seek counseling. She did it. She filed a formal complaint. There was an investigative process, and after that she had requested a public hearing. The agency could have consolidated those two if it had wanted to, right, as she files the complaint? I am sorry. I misspoke. When she sought EEO counseling, the agency told her, the agency gave her an opportunity to file a formal complaint. After she filed a formal complaint, the agency dismissed it, and then she filed an appeal to the EEOC. Okay, yeah. Thank you. All right, thank you. Mr. Kruger. You, I take it, Mr. Kruger, do represent the Secretary? I do, Your Honor. I'm appearing on behalf of the United States representing Secretary Johnson. May it please the Court, you asked a number of questions, and I'll try to jump right to those to respond to things. I'd submit that the government was rational in defending this suit because, as you noted, her complaint asserted not only reimbursement of travel expenses but other damages. No, I understand that, but how much would the travel expenses have been? She hasn't calculated or submitted a certain amount. I can't imagine it's more than a couple thousand dollars, but she's also asserting damages up to $75,000. Yes, I know, but why not give her the couple of thousand dollars in settlement, right? Well, have there been settlement negotiations? There was a settlement conference here in the Seventh Circuit, and without disclosing the full details, I'd say she continued to press for more than just her travel expenses, so a settlement was not reached. More than that, what is at issue in this case is not just the particular facts here but the EEOC's spinoff rule. See, I'm quite unpersuaded by your argument about the spinoff rule because it sounds to me as though every retaliation case would be a spinoff, in your view, and retaliation, as you well know, is a well-recognized theory under all of the discrimination laws. You can't be retaliated against for exercising your right, whether it's Title VII or age or disability or whatever it may be, and that's her allegation. You know, whether it eventually gets proven is something yet to be determined, but she's saying that there was an entitlement to being on pay status and getting travel expenses because, among other things, she appears as a witness. The other two witnesses get it. She doesn't. This is retaliation for being a pain in the neck. You know, it's a retaliation for invoking her rights in this case. I don't see how that in any way is a spinoff. It's a, here's an entitlement. You didn't give it to me because I'm using the process. And so you either have to say every retaliation case is a spinoff, which seems to me would go against an enormous line of cases about the need for separate complaints about retaliation, or you have to say somehow this is different, and I don't see how you can do that. With respect, I think it is quite different. Retaliation cases involve often situations in which the employing agency, say DHS, through something in the employee's work process suffers retaliation, and that's separate from claim processing. Why can't we phrase it as the employing agency either imposes a detriment or withholds a of her rights under an anti-discrimination statute? That's what she's saying. Again, you know, yet to be proven, of course, but. I'd say the distinction is that the context is in EEOC claim processing. It has nothing to do with her work separately. It has everything to do with her work. She wanted to be in pay status, and why did it have anything to do with the other two people's work then, who showed up as witnesses, who were put in pay status, who get their expenses reimbursed? Part of what the agency does is that it resolves these problems. As to the merits, I would cite you to the EEOC's regulation 1614.605. Which doesn't talk about witness expenses. It just says claims processing, and our concern is what does that mean? And I know you're partly relying on our against Robbins, which is on shaky ground at best in the Supreme Court. Not that we're going to overrule it. It's up to them, but I don't think 1614.107A8 is as helpful to you as you think. First, let me just be sure I cite to you 1614.605, which wasn't in our briefs because it goes to the merits. 1614.605 provides the agency with a legitimate basis to distinguish between witnesses at a hearing and a complainant. A complainant, like Ms. Morland, was not deployed at the time she did not have a right to work re-expense, or to travel free. But she wasn't deployed because you said she wasn't deployed. It's a process she's supposed to go through for the agency, and I don't see why that's not part of her job responsibilities, so to speak. She doesn't have the option that non-federal employees have to just go to the EEOC and file a charge. She's under a very particular type of federal employment, unlike me or others that are permanent or even temporary or part-time federal employments. When she is not deployed, she's not in PACE status. And the regulation says that 1614.605 distinguishes based on PACE status or not. But that really goes to merits, which isn't at issue here. Because, again, if you rule that she's exhausted her claims here, you'll effectively be changing the interpretation of what a spinoff claim is. I don't think so. There's one case that does, which is just an agency case. There's no court of appeals case that agrees with you. There's an internal agency case that does agree with you, and there's some others that don't really meet all of the criteria of this case that are somewhat different. So I'm not sure that we'd be upsetting the world to think that this particular situation, where she says it's retaliation, doesn't fall within the scope of the agency. Besides, the agency looks so bad here. Here's this administrative judge telling you to do one thing. She doesn't have a right to bring things in on appeal. She merely has the opportunity to ask, as I understand the system. I've never seen any appellate process that says, just because the appellant says, oh, and by the way, here are five more claims that I want to have, the agency just has to say, okay, now there are five more claims. I would agree with you that the facts look bad here, but you had specific instruction from the agency, while the case was still with the administrative judge, that it was a spinoff, and she should pursue it with the administrative judge, and then twice more by the EEOC. But the agency never said, you have a right to have this done, and she's unrepresented, she has conflicting advice. That's true, but she received the EEOC itself, which said, you should, quote, should raise this claim with the pending EEOC appeal. It was her claim to pursue, and I would submit that these submissions show she's a relatively sophisticated litigant, although unrepresented. She demonstrated the ability to represent herself at the administrative hearing and prevailed. She knew how to take the appeals to the EEOC. What I think these submissions show is that she simply disagreed with the view of what a spinoff claim is. She would need to take new depositions, I assume, because she'd have to get the depositions of the two other people who appeared as witnesses, she'd have to build a record. I can't imagine that the agency would have just said, oh, you said we retaliated against you, let's just take the facts your way. That may be, but the EEOC is not like this court of appeals. It has the power to expand the record, to remand for more proceedings, and that's cited with our brief as well. And so it would not at all be like me presenting new facts to you right here. The EEOC appellate board is quite different, and they specifically said to her, if you want to pursue this claim, raise it where it belongs, in the proper forum. And I would submit that if you rule against us here... How was she supposed to square that with what she'd been told by the administrative law judge? I mean, in other words, you know who was correct, but why is she supposed to know who's correct? Well, I'd submit if she was told three times, including by the ultimate... The number of times? Well, how about by the person saying it? An administrative judge who is reacting after first hearing of an issue only orally at the end of a hearing, as opposed to the final decision maker, the EEOC itself, that sets the rules in this area, told her twice to pursue the claim in the proper forum. But of course, the administrative law judge is a judicial figure. Wouldn't you expect the unrepresented lawyer to defer to what she's told by the judicial officer? Perhaps, and she did so in the first instance. And it's not the EEOC as a whole, anyway. It's just this Office of Federal Operations, right, saying all these things. But OFO speaks for the commission. That's part of its authority. And so, this was the word from the EEOC itself. If you were to find that, by characterizing this as retaliation, that it's not a spin-off, then consider the other potentials. You'll have somebody who... Was it explained to her that the office speaks for the entire EEOC? I think that's on the face of the OFO decision itself. At the signature line, it says, for the commission. That's the acting body. It was the final word in this instance. If you were to say that... It doesn't say it's the acting body with the final word. It says it's for the commission. It's just a heading. Right at the signature block, you can take a look. It says, for the commission. And she's told there where to pursue the claim. If this is allowed to go for... I wonder what for the commission means. Any ruling by a subordinate body of an agency is for the agency. I would submit she's told there where to pursue the claim. And instead, she disagrees fundamentally with what she believes a spin-off claim is. I see my time is up. I just want you to answer this. If we rule against you, then what would be the implications of that ruling in terms of how it would affect the EEOC and the government's position looking forward? That's what I want to know. I appreciate that question because I think it's important. Assuming that you were to rule something along the lines of what Judge Wood said, that this is different because it's retaliation. I guess then you'd be interpreting the spin-off rule to mean that it's not a spin-off if there's a claim of retaliation. And I believe that it would be very, very easy for litigants to say, I didn't like how my claim was processed, and this was retaliation for the fact that I'd filed the claim. That would become a boilerplate allegation. And the spin-off rule would then become sort of toothless. It serves an important purpose of consolidating claims by a complainant into a single proper forum and serves efficiency. Why was the agency not empowered once she filed the second claim simply to consolidate exactly as you just said, bring it back in. Now there are two docket numbers and it would have total control. It could consolidate 15 complaints if need be. I'm completely baffled that the agency was powerless to pull this together since, as you've said, the administrative law judge hadn't yet issued the decision. The agency could have handled this all by itself. I'm not aware of a specific rule that says that the agency should on its own consolidate spin-off claims. What, it needs a motion? Even assuming it could have. It remains the fact, let's say it could have. It remains the fact that this is her claim to pursue. She filed a notice of appeal in Moreland 1. She did not raise the travel expense claim there. Because she'd been told by the administrative law judge it didn't belong there. And then was subsequently... This gets us back to that same problem. But I'm trying to address your parade of horribles and I don't understand why when the second claim is filed, at least in this case, at the time it was filed, the agency couldn't simply consolidate them, get them all on the same page, pursue them as it wished, and solve the problem. That may well have been the better course, but I don't know how that allows you to rule in her favor here. Because that's not a way to change what the spin-off rule is. Well, now we're in circles. So anyway, well thank you very much. Thank you. With respect, we ask that you affirm the decision as well. Certainly. Mr. Friedman, anything further? This is not a spin-off complaint. Under the case law of the EEOC, this is not a spin-off complaint. It has nothing to do with the processing of the complaint. If it were a spin-off complaint, under the EEOC regulations, the individual would have to have gone to the agency official and not the administrative judge. Number three, when the EEOC rendered its decision, why did it not remand the case to an administrative judge so that the administrative judge could begin the entire investigative process and then, even if it were a spin-off complaint, why did not the EEOC remand the case to the administrative judge? But this is all a red herring argument. This had nothing to do with the processing of her EEO case. It had nothing to do with her request for pre-complaint counseling. It had nothing to do with her formal complaint. It had nothing to do with the investigative process, leading to the point where she elected to have an EEOC administrative judge hear the case. At that point, the agency had no longer had any jurisdiction over Ms. Moreland's claim. It was within the EEOC's purview, and the administrative judge ruled that he would not grant a motion to amend the complaint. He had instructed her that if she believed she had a retaliation claim, that she went through the entire process. She exhausted her administrative remedies before going to federal district court. Thank you. All right, thank you very much. Thanks to both counsel.